

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
*ATTORNEY GENERAL*

May 8, 1947

Mr. Maxwell Welch,　　　　　　　Opinion No. V-192
District Attorney,
5th Judicial District,　　　　Re:　　Legality of holding a
New Boston, Texas　　　　　　　　　minor accused of rob-
　　　　　　　　　　　　　　　　　　bery until he reaches
　　　　　　　　　　　　　　　　　　17 years of age so
　　　　　　　　　　　　　　　　　　that he may be tried
　　　　　　　　　　　　　　　　　　as a felon rather than
　　　　　　　　　　　　　　　　　　a juvenile delinquent.

Dear Sir:

　　　　　Your letter of April 16, 1947, to this de-
partment states the following question:

　　　　　"May a boy who committed the offense
　　of robbery with firearms at the age of six-
　　teen years and eleven months, and who was
　　arrested immediately after the offense oc-
　　curred, be indicted and held until he reaches
　　the age of seventeen and then be tried as an
　　adult, or should he be tried as juvenile?"

　　　　　You are advised that the trial of such youth
may not be intentionally delayed for the sole purpose of
allowing him to reach his 17th birthdate. Art. 1, Sec-
tion 10 of the Texas Constitution, and Art. 3, C.C.P. pro-
vide:

　　　　　"In all criminal prosecutions the ac-
　　cused shall have a speedy public trial . . ."

　　　　　This same right is guaranteed by the 6th A-
mendment of the Federal Constitution. While proceedings
under the Juvenile Act (Art. 2338-1) are not strictly
criminal in nature, it is believed that the accused, un-
der such act, (who may be deprived of his liberty until
he is 21 years of age), is entitled to the protection af-
forded by such provision. To postpone the trial of the
accused for the above arbitrary reason would be to deny
him the inalienable right above guaranteed. If the trial
could purposely be postponed a month, as in the case un-
der consideration, it would be extremely difficult to
draw a line in other cases where it might be thought de-

sirable to postpone the trial of other youths for 6
months, a year, or longer, until they should become 17
years of age.  Such a course of action could not be
justified under our Constitutions.

This principle is recognized by the Court
of Criminal Appeals.  In Watson v. State, 237 S. W. 298,
the accused lacked one or two months of being 17 when
the offense was committed.  After he became 17, he was
tried as a felon.  The contention was made that his
trial had been intentionally delayed until he became 17.
The Appellate Court said that it found no evidence to
support such contention and overruled it.  It stated,
however:

> "We would be unwilling to give our
> approval to a course of delay for the sole
> purpose of depriving an accused of his
> privilege under the juvenile law. . ."

In Walker v. State, (Tex. Crim.) 46 S.W. (2d)
987, the issue was raised for the first time on motion
for rehearing that the trial of the minor had been inten-
tionally delayed until he reached 17.  It was held that
there was no evidence to sustain such contention, and
that the point was raised too late.  The Court of Crimi-
nal Appeals, nevertheless, took occasion to repeat the
above quoted principle.

It must be stated, however, that it is the
uniform Texas rule that the age of the youth at the time
of trial, (and not his age at the time of the commission
of the offense), which is controlling with reference to
whether he should be tried as a felon or a delinquent.
Hardie v. State, (Tex. Crim.) 144 S. W. (2d) 571; Conley
v. State, (Tex. Crim.) 116 S.W. 606; Stallings v. State,
(Tex. Crim.) 67 S. W. (2d) 255; Dendy v. Wilson, (Tex.
Sup.) 179 S. W. (2d) 269, 275.

Section 13 of Art. 2338-1, passed in 1943,
follows the above rule by stating that a youth, on trial
as a felon in a criminal court, should be delivered to
the Juvenile Court, if it should be ascertained that the
male youth was "under the age of seventeen (17) years at
the time of the trial . . ."  (Emphasis ours)

Where, in the normal course of the disposing
of the criminal docket, the accused becomes 17 years of
age before trial, though he was 16 at the time of the

offense, he is held to be properly triable as a felon.
In Hardie v. State, (Tex. Crim.) 144 S. W. (2d) 571,
an offense was committed by a 16 year old boy on April
28th. His mother appeared on May 6th and disclosed
that the boy would not be 17 years old until May 9th,
all of the same year. She requested that the child be
tried immediately as a delinquent child. The county
attorney told the mother that he intended to present
the matter to the Grand Jury on May 10th; and he fol-
lowed such course of action. On appeal, the contention
was made that it was obligatory for the county attorney
to proceed immediately against the minor as a delinquent,
and that he was not justified in holding the matter un-
til the Grand Jury should act. The Court of Criminal
Appeals held:

> "The law contemplates as controling
> in such matters the age of the accused at
> the time of the trial, not his age at the
> time of the offense, and we do not think
> that the county attorney's refusal to rush
> into an immediate trial within less than
> three days evidences an unfair attitude
> upon his part. In the case of McLaren v.
> State, 85 Tex. Cr. R. 31, 209 S. W. 669,
> the appellant had been first tried for the
> murder of his father while he was only six-
> teen years of age which first case was re-
> versed by this court on that ground, the
> court holding that he should have been pro-
> ceeded against as a juvenile. . . Upon the
> reversal of this case the accused had
> reached the age of seventeen years, and he
> was again put upon his trial for murder. . .
> and although the offense was charged to have
> been committed on a date which showed the
> accused was under the age of seventeen years,
> nevertheless it was held that the age of the
> accused at the time of the trial and not at
> the time of the commission of the offense was
> that which governed in regard to his juvenil-
> ity. . . We have no doubt of the correctness
> of this doctrine, and this bill is overruled."
> (Emphasis ours)

And in Smith v. State, (Tex. Crim.) 266 S.W.
153, the accused was indicted on April 5. On April 15,
the last day of a special term of court, he filed an af-
fidavit that he was 16 years of age, and would not be 17

until May 23, the month following.  The matter was set
for a hearing on April 21st, at which time the court
sustained the motion of the State to continue the mat-
ter to the next term of court, to begin May 28, (five
days after the accused's 17th birthday), because the
district attorney had not had an adequate opportunity
to prepare his proof on the youth's age.  When the case
was tried, the accused admitted that he had become, and
was, 17 years of age.  Upon appeal, it was held that,
there being no showing of bad faith on the part of the
district attorney, and a showing that the youth's affi-
davit was filed on the last day of the term, the accused
was properly tried as a felon, since he was 17 at the
time of trial.

In a decision handed down by the Court of
Criminal Appeals April 30, 1947, Dearing v. State, (not
yet reported), a 16 year old boy robbed and killed a
farmer's wife on July 14, 1945.  On July 20th follow-
ing, the county attorney filed charges against him as
a delinquent child because of a former robbery; and the
boy was sent to the Gatesville School until he should
become 21.  In May of 1946, after the boy became 17, he
was indicted for the above murder, returned from Gates-
ville, tried as a felon, and given a 99 year sentence.
Following the cases herein set out, the Court of Crimi-
nal Appeals affirmed the judgment, holding the boy prop-
erly triable as a felon after reaching 17.  The opinion,
a copy of which is enclosed, reads in part:

"To hold that a male child who com-
mitted an offense two days, two weeks, or
two months prior to the time that he be-
came 17 years of age could not be prose-
cuted for said offense after he reaches
his 17th year would be creating a haven
or refuge for the criminally inclined. . .
Orderly society is entitled to protection
as well as a delinquent child."

### SUMMARY

The trial of a youth 16 years and 11
months of age cannot be intentionally de-
layed until he becomes 17 years of age for
the sole purpose of trying him as a felon
rather than a delinquent.  Art. 1, Sec. 10,
Texas Constitution.  Where, however, in the
normal course of events, the youth reaches

the age of 17 before trial, he is
properly triable as a felon.  One
who commits a felony while under 17,
may be indicted and tried after reach-
ing the age of 17.  (Dearing v. State,
Tex. Crim. App., opinion of April 30,
1947, not yet reported.)

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Joe R. Greenhill
Joe R. Greenhill
Assistant

JRG:wb

APPROVED MAY 9, 1947

Price Daniel
ATTORNEY GENERAL OF TEXAS